UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRITTNEY MACK,**

    **Plaintiff,**

v.                                           **Case No.: 8:24-cv-672-TPB-AAS**

**MESERET CONSULTING, INC.,
and NAHOM ALEMSEGHED.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Brittney Mack moves for default judgment against Defendants Meseret Consulting, Inc., and Nahom Alemseghed (collectively, the defendants). (Doc. 12). The defendants did not respond, and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla.[1] The undersigned **RECOMMENDS** that the motion be **GRANTED-IN-PART and DENIED-IN-PART**.

---

[1] Because the defendants failed to timely respond to Ms. Mack's motion for default judgment, the court may treat the motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

1

I.     **BACKGROUND**

This is an employment action relating to Meseret Consulting Inc.'s failure to pay Ms. Mack for work as an Event Specialist between December 8, 2023 and December 20, 2023. (Doc. 12-2, ¶¶ 3–6). Ms. Mack worked for the defendants for 77.2 hours, accumulating $1,270.00 in unpaid wages. (*Id.* at ¶ 5, 6). In addition, Ms. Mack suffered losses in the form of $40.00 in unpaid commission and $100.50 in travel expenses. (*Id.* at ¶¶ 6–10). Prior to filing suit, Ms. Mack individually and through undersigned counsel attempted unsuccessfully to obtain payment of these liquidated amounts. (Doc. 12, ¶ 4).

On March 15, 2024, Ms. Mack filed this three-count action in federal court against her employers, Meseret Consulting, Inc., and Nahom Alemseghed. (Doc. 1). Ms. Mack served the defendants each with the summons and the complaint on March 19, 2024. (Docs. 7, 8). The complaint alleges the defendants breached the employment contract and failed to pay the Fair Labor Standard Act's (FLSA) required minimum wage making Ms. Mack entitled to recovery of unpaid wages and attorney's fees. (Doc. 1). Ms. Mack provides a declaration outlining the unpaid wages owed (Doc. 12-2) and her attorney's affidavit addressing the amount of time he spent on the case plus an itemization of costs and expenses (Docs. 12-4, 12-5). Ms. Mack requests compensation in the amount of $2,200.10 in unpaid wages, $2,030.00 in

attorney's fees, and $822.03 in costs plus interest at the statutory rate (Docs. 12-4, 12-5).

Meseret Consulting and Nahom Alemseghed failed to answer the complaint or file an appropriate motion within 21 days of being served. Ms. Mack consequently moved for a clerk's default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 9). On April 16, 2024, the court granted the motion, and the clerk entered a default against the defendants. (Docs. 10, 11). Ms. Mack now moves for Final Judgment after default. (Doc. 12, ¶¶ 1, 4). Meseret Consulting and Nahom Alemseghed failed to respond to Ms. Mack's motion, and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla.

## II.  LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant if the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

3

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the court must then ascertan the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

### III. ANALYSIS

Ms. Mack brings her claim for unpaid wages under the FLSA, Fla. Stat. § 488.08, and breach of contract. (*See* Doc. 12-6, p. 3–4). The FLSA states that any employer who does not pay minimum wage as defined by 29 U.S.C. § 206 must be liable to the employee in the amount of their unpaid minimum wages. Ms. Mack is entitled to payment of those wages because she was paid less than minimum wage as defined by 29 U.S.C. § 206. (Doc. 12-2, ¶ 6; Doc. 1, ¶ 9). Ms. Mack can alternatively recover unpaid wages under Fla. Stat. § 448.08.

Although Fla. Stat. § 448.08 does not create an action for unpaid wages, when confronted with a claim for unpaid wages under Florida law, asserting only § 448.08 as the basis for such a claim, courts analyze the claim under Florida common law. *See, e.g., Perez v. Mediglez Wellness Ctr., Inc.*, No. 8:12-cv-2751-T-33EAJ, 2013 WL 5566183, at *4 (M.D. Fla. Oct. 8, 2013) (citations omitted).

Claims for unpaid wages under Florida common law are typically pleaded as breach of contract claims. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009). To state a valid breach of contract claim, "Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Id.* at 1272 (citation omitted).

Meseret Consulting, Inc., through Nahom Alemseghed, promised to pay Ms. Mack $12.00 an hour plus $10.00 for each review, which constitutes wages for purposes of Fla. Stat. § 448.08 and the FLSA, in consideration for Ms. Mack's services. (Doc 12-2, ¶ 5; Doc. 1, ¶¶ 5-7). Ms. Mack performed her duties under this agreement by providing services to Meseret Consulting, Inc. (Doc. 12-2, ¶ 5, 6; Doc. 1, ¶ 8). Meseret breached the agreement by failing to pay Ms. Mack any wages. (*Id.*). Ms. Mack is damaged because of Meseret's breach in the amount of $2,200.10. (Doc. 12, ¶ 4; Doc. 1, ¶ 16). Thus, the undersigned recommends the court award Ms. Mack damages against Meseret Consulting,

5

Inc., and Nahom Alemseghed for $2,200.10 in costs plus interest at the statutory rate. (*Id.*).

An award to Ms. Mack for reasonable attorney's fees and costs of the action is mandatory under 29 U.S.C. § 216(a). The Court may also award attorney's fees under Florida law. *Palmer v. JBS Trans LLC*, No. 3:22-CV-1315-HLA-PDB, 2023 WL 5933357, at *6 (M.D. Fla. Aug. 10, 2023). In an action for unpaid wages, Fla. Stat. § 488.08 provides that a "court may award to the prevailing party … costs of the action and a reasonable attorney's fee." "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is the place where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).

Ms. Mack requests $2,030.00 in attorney's fees and $822.03 in costs plus interest at the statutory rate. (Doc. 12, ¶ 4). Ms. Mack's attorney, Troy Longman II, represents that he has practiced law in the State of Florida and primarily litigates employment claims. (Doc. 12-3, ¶ 3). Ms. Mack supplies a timesheet that demonstrates an accumulation of services that totals 5.8 hours. (Doc. 12-4). The hours in the billing records are reasonable. None of the work appears unnecessary or redundant. Based on the court's knowledge of reasonable rates for similar work by lawyers in the Middle District, Longman's

6

proposed hourly rate of $350.00 is appropriate. *Omnipol, A.S. v. Worrell*, No. 8:19-CV-794-VMC-TGW, 2022 WL 18157514, *3 (M.D. Fla. Dec. 19, 2022) (finding that $350.00 an hour constitutes reasonable attorney's fees in Tampa). Ms. Mack also provides evidence demonstrating the legitimacy of the $80.00 service fees. (Docs. 8, 9). The request for compensation of the $250.00 dollar Administration fee cannot be granted because that cost is not recognized under 28 U.S.C. § 1920. However, all other costs recorded in Document 12-5 can be awarded as taxable costs under 28 U.S.C. 1920. Therefore, an award of $2,200.10 in unpaid wages, $2,030.00 in attorney's fees, and $572.03 in costs plus interest at the statutory rate is reasonable.

## IV. CONCLUSION

It is **RECOMMENDED** that Brittney Mack's Motion for Final Default Judgment (Doc. 12) be **GRANTED-IN-PART and DENIED-IN-PART** as follows:

1) Judgment be entered in Ms. Mack's favor on Counts I, II, and III;
2) Damages be awarded for Brittney Mack against Meseret Consulting, Inc., and Nahom Alemseghed for $2,200.10 plus post-judgment interest at the statutory rate for Counts I, II, and III; and
3) Ms. Mack be entitled to attorney's fees of $2,030.00 and costs of $572.03 respectively plus post-judgment interest at the statutory rate.

**ENTERED** in Tampa, Florida, on May 22, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.